JULIO PÉREZ NAVIA, Petitioner and Appellee, *v.* SIXTO M. SALDAÑA, Warden of the Insular Penitentiary, Respondent and Appellant.

No. 8574.—Argued July 21, 1942.—Decided August 1, 1942.

George A. Malcolm, *Attorney General*, R. A. Gómez, *Prosecuting Attorney*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellant. *Julio Pérez Navia, pro se.*

Mr. Justice De Jesús delivered the opinion of the court.

Upon a charge of voluntary manslaughter, Juan Pérez Navia was arrested and confined in the district jail of Guayama on November 17, 1936. While he was thus held in custody (*en sumaria*), the Municipal Court of Guayama sentenced him, on December 22 following, to 4 months in jail for the offense of aggravated assault and battery, and on the same day the District Court of Guayama also sentenced him to 4 months in jail for the offense of carrying weapons. After having served both sentences, the defendant was again held in custody (*en sumaria*) in connection with the said offense of voluntary manslaughter until November 5, 1937, when he was convicted and sentenced by the District Court of Guayama to 10 years' imprisonment in the penitentiary.

Pérez Navia requested the Warden of the Penitentiary to deduct from said sentence of 10 years the 8-month term which he had served in jail for the offenses of aggravated assault and battery and carrying weapons, alleging that said period should be considered as if he were held in custody awaiting trial (*prisión preventiva*) for the purpose of the sentence for voluntary manslaughter. The warden refused such request and thereupon Pérez Navia instituted a mandamus proceeding in the district court whose judgment, granting the petition, gave rise to the present appeal taken by the People of Puerto Rico, through the district attorney. The judgment reads thus:

"Having examined the petition and the evidence, from which it appears that the petitioner has been held in custody (*en sumaria*), that is, arrested for the offense of murder and awaiting trial in said case, from November 17, 1935 (*sic*), to November 5, 1937, the petition is granted and the respondent is hereby ordered to liquidate

petitioner's sentence so that there should be credited to him the period during which he has been held in custody, since November 17, 1936, to November 5, 1937, and to grant him a reduction for good conduct on the total period of the sentence.''

The prosecuting attorney maintains that the court *a quo* erred in holding that the imprisonment suffered by the petitioner-appellee from November 17, 1936, to November 5, 1937, when the petitioner was sentenced for voluntary manslaughter, had totally the nature of a detention awaiting trial (*prisión preventiva*).

From November. 17, 1936, when the petitioner was arrested to answer for the charge of murder, to December 22 following, when he began to serve both sentences for the misdemeanors, there had elapsed 35 days during which the petitioner was held in custody (*en preventiva*). However, the period of 8 months in jail for both misdemeanors which expired on July 10, 1937, by virtue of the reduction credited to him for good conduct, can not be considered as a detention awaiting trial, as alleged by the petitioner. During those 8 months the petitioner was not held in custody for failure to secure bondsmen to answer for the offense of murder. He was serving sentences for said two misdemeanors and a prisoner who is serving a sentence can not be considered as being held in custody awaiting trial. Such imprisonment is clearly described in §6362 of the Revised Statutes, Comp. Stat. 1911, in the following language:

"Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered.''

Let us now consider the second question raised by the appellant, that is, that the district court erred in ordering the respondent to credit the petitioner with a reduction for

good conduct computed on the whole period of imprisonment, including a certain period of detention awaiting trial which he served before being finally sentenced on November 5, 1937.

Since it has been shown that the petitioner is not entitled, in the computation of his sentence for voluntary manslaughter, to be credited with the 8 months which he served for the offenses of aggravated assault and battery and carrying weapons, it is obvious that he can not be granted a reduction for good conduct during that period of imprisonment. Nor is he entitled to any credit for the period of detention (*preventiva*) before and after serving both sentences for aggravated assault and battery and carrying weapons, inasmuch as the act granting such credit—§1 of the Act of March 14, 1907—authorizes it only in connection with those prisoners who have been sentenced to the penitentiary or to imprisonment at hard labor in the district jails, and since a prisoner who is held in custody awaiting trial has not yet been sentenced, said credit can not be granted to him. See the cases of *Aderhold* v. *Ellis*, 84 F. (2d) 543, and *King* v. *United States*, 98 F. (2d) 291, wherein statutes similar to ours have been construed.

For the reasons stated the appeal must be sustained and the judgment appealed from reversed.